IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER C. SMITH, | ) | Civil Action No.  4:07-1534-GRA-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| GREGORY KNOWLIN (WARDEN); SGT. | ) | |
| MELVIN BRAYBOY (OFFICER); and | ) | |
| ROBERT POWELL (OFFICER), | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Christopher Smith ("plaintiff"), filed this action under 42 U.S.C. § 1983[1] on June 5, 2007.[2]  Defendant Knowlin filed a motion to dismiss on August 21, 2007. Because plaintiff is proceeding pro se, he was advised on or about August 28, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendant's motion to dismiss could result in the dismissal of his complaint.

On September 6, 2007, plaintiff filed a letter which was treated as a motion for extension of time. (Document #32). Within that letter, plaintiff stated "I do have an attorney in this case" and states that he received the Order giving him 34 days to respond. At the end of the letter, plaintiff states "my attorney is Samuel F. Arthur, III, Aiken Bridge Attorney at law . . . " An Order was issued on September 11, 2007, granting the motion of extension giving plaintiff until November 1, 2007, to respond to the defendant's motion to dismiss. Plaintiff was again advised that if he failed to respond

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

[2] The USM return was unexecuted as to Robert Powell. Based on the docket sheet, it appears he was never served with the summons and complaint.

his case may be dismissed for failure to prosecute pursuant to Rule 41b of the Federal Rules of Civil Procedure. (Document #33).[3] Plaintiff failed to file a response.

On January 4, 2007, an Order was issued giving the plaintiff ten days from the date of the Order to inform the Court if he intends to prosecute his case. In the Order, plaintiff was advised that if he did not respond his entire case may be dismissed for failure to prosecute pursuant to Rule 41b of the Federal Rules of Civil Procedure. This Order was returned to the Clerk of Court's office via United States Postal Service on January 14, 2008, marked "parole 11-15-07" and "Return to Sender." (Document #42). Plaintiff has not responded to any of the Orders and has not provided the Court with a current address.

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the Court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the Court is required to consider four factors:

(1)    the degree of plaintiff's responsibility in failing to respond;

(2)    the amount of prejudice to the defendant;

(3)    the history of the plaintiff in proceeding in a dilatory manner; and,

(4)    the existence of less drastic sanctions other than dismissal.

---

[3] Additionally, it was noted in the Order that "from the Court's docket that Samuel F. Arthur, III of Aiken, Bridges, Nunn, Elliott and Tyler represents the defendants."

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendant Knowlin's motion to dismiss or the Court's Orders requiring him to respond. Plaintiff has not responded to the Court's Order requiring him to inform the Court if he intended to prosecute this case and informing him that, if he did not respond, his entire case may be dismissed pursuant to Rule 41b. Further, the Order of January 4, 2008, was returned to the Clerk of Court's office via United States Postal Service on January 14, 2008, marked "parole 11-15-07" (Document #42). Plaintiff has not provided the Court with an updated address as required by the Order of July 3, 2007. The undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II.  CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 15, 2008
Florence, South Carolina

3