UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Christopher C. Smith, | ) | C/A No.: 4:07-cv-1534-GRA-TER |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Gregory Knowlin, Warden, Turbeville Correctional Institution; Sergeant Melvin Brayboy (Officer); and Robert Powell (Officer, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court for a review of the magistrate's Report and Recommendation filed on January 15, 2008 and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.  Plaintiff filed this action on June 5, 2007, alleging civil rights violations pursuant to 42 U.S.C. § 1983.  On August 21, 2007, the defendants filed a motion to dismiss.  On August 28, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately.  On September 6, 2007, the plaintiff filed a motion which the magistrate construed as a motion for extension of time.  The magistrate granted the motion and gave Plaintiff until November 1, 2007 to respond to the defendants' motion to dismiss.  The magistrate advise Plaintiff again that if he does not respond to the motion to dismiss, the case may be dismissed for failure to prosecute.  Plaintiff failed to respond.

1

On January 4, 2008, the magistrate issued an order giving the plaintiff an additional ten (10) days to inform the Court of his intention to prosecute the case and advised the plaintiff that if he fails to respond, the case may be dismissed for failure to prosecute.  The Order was returned to the Clerk of Court's office on January 14, 2008, marked "parole 11-15-07" and "Return to Sender."  The Court never received a response to any of the Order.  Further, Plaintiff has not provided the Court with his current address.

In the magistrate's Report and Recommendation, the magistrate recommends dismissing this action for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  For the reasons stated herein, the recommendation of the magistrate is adopted, and the case is DISMISSED.

Plaintiff brings this action *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions

of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id*.

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  The plaintiff has not filed objections to the Report and Recommendation.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that this action be DISMISSED for lack of prosecution.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

February 7, 2008

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry.

3

Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.